IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11-cv-00519-SWW |
| | * | |
| TRACY VAUGHN, | * | |
| | * | |
| Defendant. | * | |

ORDER

Plaintiff Helena Chemical Company (HCC) brings this action against Tracy Vaughn (Vaughn) alleging that Vaughn defaulted on a promissory note for the purchase of agricultural supplies on credit from HCC in 2006. HCC filed proof of service on June 1, 2011 [doc.#2] but Vaughn never filed an answer or other responsive pleading. On August 16, 2011, the Clerk of Court entered a Clerk's default [doc.#4].

The matter is now before the Court on motion of HCC for a default Judgment pursuant to Fed.R.Civ.P. 55(b) [doc.#3]. Vaughn has not responded to HCC's motion and the time for doing so has passed. Having considered the matter, the Court grants HCC's motion for a default judgment.[1]

---

[1] Rule 55 of the Federal Rules of Civil Procedure contemplates a two step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, — F.Supp.2d —, 2011 WL 2689058, at *2 (N.D.Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id*. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id*. Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *Id*. By Order dated August 16, 2011 [doc.#5], the Court construed the

As established by the affidavit of Warren Nash, HCC's Credit Manager (Exhibit 2), as of July 31, 2011 HCC is entitled to judgment against Vaughn in the amount of $127,020.35, with pre-judgment interest of $4,038.54 from the date of default on January 1, 2011 through July 31, 2011 and interest thereafter at the rate of $19.14 per diem, costs of $395.00, attorneys' fees and expenses, and post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield, compounded annually, to run from the date of entry of judgment until such time that Vaughn satisfies the total amount of money damages stated herein.

Pursuant to Ark. Code Ann. § 16-22-308, HCC may recover its reasonable attorneys' fees incurred in the preparation of its complaint and the prosecution of this action. The fees and expenses are itemized and attached to the Affidavit of Roger D. Rowe (Exhibit 3). Such fees and expenses, excluding the costs of this action of $395.00, total $936.55 and are not unreasonable.

Accordingly, the Court hereby enters a default judgment against Tracy Vaughn and in favor of Helena Chemical Company pursuant to Fed.R.Civ.P. 55(b)(2) in the amount of $127,020.35, plus pre-judgment interest of $4,038.54 through July 31, 2011 and $19.14 per diem thereafter, costs in the amount of $395.00, attorneys' fees and expenses incurred herein in the amount of $936.55, and post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield, compounded annually, to run from the date of entry of judgment until such time that Vaughn satisfies the total amount of money damages stated herein.

---

present motion as one for entry of default by the Clerk and for entry of default by this Court. The Court referred the motion to the Clerk for consideration and directed that the motion not be termed in the event a Clerk's default is entered; rather, the Court would then (and does today) consider HCC's motion for default judgment pursuant to Fed.R.Civ.P. 55(b).

IT IS SO ORDERED this 24th day of August 2011.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE